JOURNAL ENTRY AND OPINION
This matter came before the court on the transcript of proceedings and exhibits, the Magistrate's September 24, 2001 findings of fact and conclusions of law, the relators' objections, including the relevant portions of their objections to the Magistrate's decision on the City of Bay Village's motion for a directed verdict, and the City of Bay Village's response. Pursuant to Civ.R. 53, the relators' objections to the Magistrate's findings of fact are overruled, and the court adopts the Magistrate's findings of fact.
Based on the Magistrate's findings of fact, this court rules that when the City of Bay Village was confronted with the dangerous intersection, consisting of the configuration of the railroad track, Bradley Road and Naigle Road, the City did not abuse its discretion in installing the "No Stopping on Tracks" sign and the other safety measures, instead of forbidding left turns onto Naigle Road during rush hours. The "No Stopping on Tracks" sign is in effect at all times, and approximately 99 percent of all northbound traffic traveling through the intersection avoids stopping on the tracks. The relators' proposed "No Left Turn" sign would be in effect only during peak hours and would have to be enforced in order to reach 97-98 percent effectiveness. (Tr. 159-162.) Moreover, the Ohio Manual for Traffic Control Devices recommends using a "Do Not Stop on Tracks" sign to emphasize the provisions of R.C. 4511.712, which forbids driving unto a railroad grade crossing unless there is sufficient space to clear the tracks. This court further notes that the City of Bay Village does not have sole authority to widen Bradley Road; thus, there is no unilateral duty enforceable in mandamus for it to widen the road. In conclusion the relators failed to establish by clear and convincing evidence that the City of Bay Village acted arbitrarily in the exercise of its discretion by not complying with the relators' specific request and instead taking an alternate course of action.
Accordingly, the application for a writ of mandamus is denied. Relators to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
JAMES D. SWEENEY, J. and COLLEEN CONWAY COONEY, J., CONCUR.